084966.0014(207)                    RMC:lab                         #397

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| AUTO-OWNERS INSURANCE COMPANY, | ) )  ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| ONE 7 CONSTRUCTION, LLC, an Illinois limited liability company, BRAD DAVIS, TONY TRAN, and LISA TRAN, | ) ) ) ) |
| Defendants. | ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

Now comes the Plaintiff, Auto-Owners Insurance Company, by its attorney, Robert Marc Chemers of Pretzel & Stouffer, Chartered, and for its Complaint for Declaratory Judgment against the Defendants, ONE 7 Construction, LLC, an Illinois limited liability company, Brad Davis, Tony Tran, and Lisa Tran, alleges the following:

### JURISDICTION

1. The jurisdiction of this Court is premised upon 28 U.S.C. 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, in this action seeking a declaration of no insurance coverage.

## VENUE

2. Venue is premised upon 28 U.S.C. 1391(b)(2) as the Defendants are residents of this District.

## THE PARTIES

3. Auto-Owners Insurance Company ("Auto-Owners") is a Michigan insurance corporation, which maintains its principal place of business in Lansing, Michigan, and which at all times herein relevant was licensed to and which did transact insurance business in the State of Illinois and elsewhere.

4. ONE 7 Construction, LLC ("ONE 7") is an Illinois limited liability company with its principal place of business in Northbrook, Illinois, and is the named insured on policies of insurance issued by Auto-Owners. Brad Davis ("Davis") is the Manager of ONE 7 and he is a citizen of the State of Illinois and a resident of Northbrook, Illinois.

5. Tony Tran and Lisa Tran ("the Underlying Plaintiffs") are the plaintiffs against ONE 7 and Davis in an action pending in another Court, which action will be more fully described later herein. The Underlying Plaintiffs have been joined herein as Defendants to the extent that each or both is interested, and to be bound by the judgment to be entered in this action, and no specific relief is sought against the Underlying Plaintiffs. If the Underlying Plaintiffs have no interest in the issues raised herein, Auto-Owners will seek to voluntarily dismiss them from this action. Each Underlying Plaintiff is a resident of Chicago, Illinois and a citizen of the State of Illinois.

### THE AUTO-OWNERS POLICIES OF INSURANCE

6. Auto-Owners issued its Tailored Protection Insurance Policy numbered 214604-07338430-23 to ONE 7 as named insured. The policy provided for, among other things, Commercial General Liability Insurance on a primary basis for the effective period of April 23, 2023 to April 23, 2024. A true, correct and complete copy of the Auto-Owners policy is attached hereto, made a part hereof and is marked as Pleading Exhibit A ("the CGL Policy").

7. Auto-Owners issued its Commercial Umbrella Liability Insurance policy numbered 53-338-430-00 to ONE 7 as named insured. The policy provided for umbrella liability insurance for the effective period of April 23, 2023 to April 23, 2024. A true, correct and complete copy of the Auto-Owners policy is attached hereto, made a part hereof and is marked as Pleading Exhibit B ("the Umbrella Policy").

### THE UNDERLYING LITIGATION

8. The Underlying Plaintiffs have filed a Complaint against ONE 7 and Davis in the Circuit Court of Cook County, Illinois, County Department, Law Division, under Cause No. 24 L 1357. A true and correct copy of the aforesaid Complaint is attached hereto, made a part hereof and is marked as Pleading Exhibit C.

9. The Underlying Plaintiffs seek damages from ONE 7 for its alleged "shoddy and improper construction practices in building" a house "including the main roof, doghouse and drainage system" and "then embarked on a sustained campaign of concealment, misrepresentation, and false promises to obfuscate the aforesaid hidden defects." The Underlying Plaintiffs seek damages for breach of implied warranties (Count

3

I), breach of a real estate contract for post-closing punch list items (Count II), breach of warranty (Count III), alleged violation of the Uniform Deceptive Trade Practices Act (Count IV), and common law fraud (Count V), all of which more fully appears in their Complaint, Pleading Exhibit C, attached hereto.

10. The Underlying Plaintiffs allege that they contracted with ONE 7 to construct a custom built, new construction 2-story, 5-bedroom house with 4,200 square feet of living space and a rooftop deck for $1,200,000 pursuant to a March 18, 2023 contract. They allege that after closing they experienced water damage to the interior of their house due to a leaking roof, which alleged defect they had been told had been repaired, the development of mold in various rooms which had to be remediated, punch list items which had not been repaired, and substantial repairs which they had to make due to the failure to secure proper permits, all of which more fully appears in their Complaint.

11. The Underlying Plaintiffs allege that ONE 7 and Davis, among other things, intentionally misrepresented the quality and condition of the subject property to the Underlying Plaintiffs prior to the closing to induce them to proceed with the purchase of the house, all of which was part of an "ongoing scheme," all of which more fully appears in their Complaint, Pleading Exhibit C attached hereto.

### PROVISIONS OF THE CGL POLICY

12. The CGL Policy of insurance provides in the Insuring Agreement for "bodily injury" and "property damage" as follows (Ex. A. at 27):

> **COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABLITY**

4

1. **Insuring Agreement**

    a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

        **(1)** The amount we will pay for damages is limited as described in Section **III** - Limits Of Insurance; and

        **(2)** Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C**.

        No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments - Coverages **A** and **B**.

    b. This insurance applies to "bodily injury" and "property damage" only if:

        **(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

        **(2)** The "bodily injury" or "property damage" occurs during the policy period; and

        **(3)** Prior to the policy period, no insured listed under Paragraph **1**. of Section **II** - Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to

5

>> the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

13. The CGL Policy defines certain terms used in the Insuring Agreement set forth in ¶ 12 hereof as follows (Ex. A. at 39, 40):

> **13.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.
>
> \* \* \* \* \*
>
> **17.** "Property damage" means:
>
> **a.** Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or
>
> **b.** Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.
>
> For the purposes of this insurance, electronic data is not tangible property.
>
> As used in this definition, electronic data means information, facts or programs stored as or on, created or used on, or transmitted to or from computer software, including systems and applications software, hard or floppy disks, CD-ROMS, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.

14. The CGL Policy pursuant to an endorsement excludes "property damage" to the Insureds' work included in the "products-completed operations hazard" as follows (Ex. A. at 45):

6

### EXCLUSION DAMAGE TO WORK PERFORMED BY SUBCONTRACTORS ON YOUR BEHALF

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

Exclusion **I.** of **Section I — Coverage A — Bodily Injury And Property Damage Liability** is replaced by the following: **2. Exclusions**

This insurance does not apply to:

**I.     Damage To Your Work**

"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".

15.    The CGL Policy defines certain terms used in the aforesaid endorsement as follows (Ex. A. at 39, 40):

**16.**    "Products-completed operations hazard":

**a.**    Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:

(1)    Products that are still in your physical possession; or

(2)    Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:

(a)    When all of the work called for in your contract has been completed.

(b)    When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.

(c)    When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

7

                Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

    **b.**    Does not include "bodily injury" or "property damage" arising out of:

        (1)    The transportation of property, unless the injury or damage arises out of a condition in or on a vehicle not owned or operated by you, and that condition was created by the "loading or unloading" of that vehicle by any insured;

        (2)    The existence of tools, uninstalled equipment or abandoned or unused materials; or

        (3)    Products or operations for which the classification, listed in the Declarations or in a policy Schedule, states that products-completed operations are subject to the General

*   *   *   *   *

**22.**    "Your work":

    **a.**    Means:

        (1)    Work or operations performed by you or on your behalf; and

        (2)    Materials, parts or equipment furnished in connection with such work or operations.

    **b.**    Includes:

        (1)    Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work"; and

        (2)    The providing of or failure to provide warnings or instructions.

16.     The CGL Policy pursuant to an endorsement excludes coverage for bodily injury or property damage due to mold or exposure to mold which exclusion provides as follows (Ex. A. at 43):

**FUNGI OR BACTERIA EXCLUSION**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**A.**     The following exclusion is added to Paragraph **2.**

**Exclusions** of **Section I - Coverage A - Bodily Injury And Property Damage Liability:**

**2.     Exclusions**

This insurance does not apply to:

**Fungi Or Bacteria**

a.     "Bodily injury" or "property damage" which would not have occurred, in whole or in part, but for the actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or presence of, any "fungi" or bacteria on or within a building or structure, including its contents, regardless of whether any other cause, event, material or product contributed concurrently or in any sequence to such injury or damage.

b.     Any loss, cost or expenses arising out of the abating, testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediating or disposing of, or in any way responding to, or assessing the effects of, "fungi" or bacteria, by any insured or by any other person or entity.

This exclusion does not apply to any "fungi" or bacteria that are, are on, or are contained in, a good or product intended for bodily consumption.

9

    **B.**    The following exclusion is added to Paragraph **2.**

    **Exclusions** of **Section I - Coverage B - Personal And Advertising Injury Liability:**

    **2.**    **Exclusions**

    This insurance does not apply to:

    **Fungi Or Bacteria**

    **a.**    "Personal and advertising injury" which would not have taken place, in whole or in part, but for the actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or presence of any "fungi" or bacteria on or within a building or structure, including its contents, regardless of whether any other cause, event, material or product contributed concurrently or in any sequence to such injury.

    **b.**    Any loss, cost or expense arising out of the abating, testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediating or disposing of, or in any way responding to, or assessing the effects of, "fungi" or bacteria, by any insured or by any other person or entity.

    **C.**    The following definition is added to the **Definitions** Section:

    "Fungi" means any type or form of fungus, including mold or mildew and any mycotoxins, spores, scents or byproducts produced or released by fungi.

17.    The CGL Policy excludes "property damage" to the Insured's work in progress in its Exclusion j.(5) which provides as follows (Ex. A. at 30):

    This insurance does not apply to:

    \* \* \*

    **J.**    **Damage To Property**

    "Property damage" to:

    \* \* \*

      **(5)**    That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations.

### TENDER OF DEFENSE

18.    The Insureds tendered their defense to Auto-Owners, and Auto-Owners did not accept that tender for the reasons stated herein.

### COUNT I
### (DECLARATORY JUDGMENT RE: NO DUTY TO DEFEND CGL POLICY)

19.    Auto-Owners adopts and repeats the allegations of ¶¶ 1 through 18 as and for ¶ 19 hereof as though the same were fully set forth herein.

20.    While the CGL Policy, Pleading Exhibit A, extends coverage to an insured for "property damage" as defined therein, the claims in the underlying action by the Underlying Plaintiffs against the Insureds are not covered by the CGL Policy of insurance.

21.    Auto-Owners contends that it has no duty or obligation to defend the Insureds in connection with the claims made against them by the Underlying Plaintiffs for one or more or all of the following reasons:

    (a)    That the Complaint alleges damages for "property damage" to the Insureds' work arising out of it or any part of it after completion of the work and included in the "products-completed operations hazard" which is excluded by the CGL Policy.

    (b)    That the Complaint does not allege an "occurrence" or "property damage" as defined by the CGL Policy for the claims

11

of violations of the Illinois Uniform Deceptive Trade Practices Act or common law fraud.

(c) That the alleged defective construction and damages set forth in the Underlying Plaintiffs' Complaint are not covered by the CGL Policy as there is no allegation of damage to property other than the work of the Insureds.

(d) That the alleged failure to fix, repair or remediate the work on a punch list does not constitute "property damage" caused by an "occurrence" as those terms are defined by the CGL Policy which seeks recovery for economic loss and not physical injury to tangible property other than the project.

(e) That the breach of contract claims of the Underlying Plaintiffs in their Complaint do not qualify as an "occurrence" under CGL Policy.

(f) That the CGL Policy expressly excludes claims for damage due to mold or the cost to remove or remediate mold.

(g) That the CGL Policy is intended to protect the Insureds from liability for damage to property of others and not to pay costs associated with repairing or replacing the Insureds' defective work which is an economic loss and not "property damage."

(h) That as the allegations of the Underlying Plaintiffs' Complaint are beyond the coverage of the CGL Policy, and Auto-Owners

has no duty or obligation to defend with respect to the allegations set forth by the Underlying Plaintiffs in their Complaint.

22. The above contentions of Auto-Owners are, on information and belief, denied by the Defendants which, in turn, contend that they are entitled to coverage under the CGL Policy of insurance. Auto-Owners, in turn, denies, the contrary contentions of the Defendants and each of them.

23. By reason of the foregoing, an actual and justiciable controversy exists between the parties and each of them, which may be determined by a judgment or order of this Court. Pursuant to the terms and provisions of 28 U.S.C. 2201 and 2202, this Court has the power to declare and adjudicate the rights and liabilities of the parties hereto under the terms and provisions of the CGL Policy of insurance referred to herein, and to adjudicate the final rights of all parties and to give such other and further relief as may be necessary to enforce the same.

### COUNT II
### (DECLARATORY JUDGMENT RE: NO DUTY TO DEFEND – UMBRELLA POLICY)

24. Auto-Owners adopts and repeats the allegations of ¶ 1 through 11 as and for ¶ 24 hereof as though the same were fully set forth herein.

25. While the Auto-Owners Umbrella Policy, Pleading Exhibit B, extends coverage to an insured for "property damage" as defined therein, the claims in the underlying action by the Underlying Plaintiffs are not covered by the Umbrella Policy of insurance.

26. The Umbrella Policy defines the terms at issue similarly to the definitions in the CGL Policy (Ex. B. at 14-17).

27. The Insureds tendered their defense to Auto-Owners for the action brought by the Underlying Plaintiffs, and Auto-Owners rejected that tender for the reasons stated herein.

28. The Umbrella Policy in its Insuring Agreement provides that where, as here, the underlying policy, here, the Auto-Owners CGL Policy, does not apply, then (Ex. B. at 33):

> It is agreed:
>
> Under the **DEFENSE AND SETTLEMENT PAYMENTS** section of the policy **When Underlying Insurance Does Not Apply To An Incident** is deleted and replaced by the following:
>
> **When Underlying Insurance Does Not Apply To An Incident**
>
> When **underlying insurance** does not apply to an incident which is covered by this policy, **we** have the right and duty to defend any **suit** against the **insured** seeking damages on account of **bodily injury, property damage, personal injury** or **advertising injury**. **We** may investigate and settle any claim or **suit** at **our** discretion, but our right and duty to defend any **suit** ends when **we** have used up **our** limit of liability as described in the **LIMITS OF LIABILITY** section in payment of judgments or settlements.

29. Auto-Owners contends that it has no duty or obligation under the Umbrella Policy to defend the Insureds in connection with the claims made against them by the Underlying Plaintiffs for the same reasons that it has no duty to defend under the CGL Policy as the Umbrella Policy follows form to the CGL Policy as to the definition of "products-completed operations hazard" and as to the definition of "your work" and specifically the Umbrella Policy in certain endorsements provides as follows (Ex. B. at 49):

14

### PRODUCTS-COMPLETED OPERATIONS HAZARD DEFINITION AMENDATORY - FOLLOWING FORM

### Commercial Umbrella Policy

It is agreed:

Under **DEFINITIONS, O. Products-completed operations hazard** is deleted and replaced by the following definition.

**O.** **Products-completed operations hazard** includes all **bodily injury** and **property damage** occurring away from premises **you** own or rent and arising out of **your product** or **your work** except:

1. Products that are still in your physical possession; or

2. Work that has not yet been completed or abandoned. However, **your work** will be deemed completed at the earliest of the following times:

    a. When all of the work called for in **your** contract has been completed.

    b. When all of the work to be done at the job site has been completed if **your** contract calls for work at more than one job site.

    c. When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

    Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

The **products-completed operations hazard** does not include **bodily injury** or **property damage** arising out of:

1. The transportation of property, unless the injury or damage arises out of a condition in or on a vehicle not owned or operated by **you,** and that condition was created by the "loading or unloading" of that vehicle by any **insured;** or

15

2. The existence of tools, uninstalled equipment or abandoned or unused materials.

Except when otherwise excluded by this policy, this definition does not apply if any **scheduled underlying insurance** shown in the Declarations under the Schedule of Underlying Insurance provides such coverage and is maintained:

1. At the agreed liability limits shown in the Schedule of Underlying Insurance; and

2. In accordance with the **Maintenance of Underlying Insurance** condition.

All other policy terms and conditions apply.

\* \* \* \* \*

### PROPERTY DAMAGE TO YOUR WORK - FOLLOWING FORM

**Commercial Umbrella Policy**

It is agreed:

**EXCLUSIONS** is amended. Exclusion **AA.** is deleted and replaced by the following.

**AA.** **Property damage** to **your work** arising out of it or any part of it and included in the **products-completed operations hazard.** This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on **your** behalf by a subcontractor; and only if any **scheduled underlying insurance** shown in the Declarations under the Schedule of Underlying Insurance provides such coverage and is maintained:

1. At the agreed liability limits shown in the Schedule of Underlying Insurance; and

2. In accordance with the **Maintenance of Underlying Insurance** condition.

All other policy terms and conditions apply.

16

30. The above contentions of Auto-Owners are, on information and belief, denied by the Insureds who, in turn, contend that they are entitled to coverage under the Umbrella Policy of insurance. Auto-Owners, in turn, denies the contrary contentions of the Insureds and each of them.

31. By reason of the foregoing, an actual and justiciable controversy exists between the parties and each of them, which may be determined by a judgment or order of this Court. Pursuant to the terms and provisions of 28 U.S.C. 2201 and 2202, this Court has the power to declare and adjudicate the rights and liabilities of the parties hereto under the terms and provisions of the Umbrella Policy of insurance referred to herein, and to adjudicate the final rights of all parties and to give such other and further relief as may be necessary to enforce the same.

### PRAYERS FOR RELIEF

**WHEREFORE**, the Plaintiff, Auto-Owners Insurance Company, prays that this Court enters judgment finding and declaring the rights of the parties as follows:

### AS TO COUNT I:

A. That Auto-Owners Insurance Company has no duty or obligation to provide a defense to ONE 7 Construction, LLC and Brad Davis for the action filed in the Circuit Court of Cook County, Illinois, under Cause No. 24 L 1357, under its Commercial General Liability policy of insurance numbered 214604-07338430-23.

B. That the Court grant Auto-Owners Insurance Company such other and further relief as the Court deems fit and just under the circumstances.

C. That Auto-Owners Insurance Company be awarded and have and recover its just and reasonable costs incurred herein and have execution issue therefor.

### AS TO COUNT II:

A. That Auto-Owners Insurance Company has no duty or obligation to provide a defense to ONE 7 Construction, LLC and Brad Davis for the action brought under Cause No. 24 L 1357 in the Circuit Court of Cook County, Illinois, under its Umbrella Policy of insurance numbered 53-338-430-00.

B. That the Court grant Auto-Owners Insurance Company such other and further relief as the Court deems fit and just under the circumstances.

C. That Auto-Owners Insurance Company be awarded and have and recover its just and reasonable costs incurred herein and have execution issue therefor.

Respectfully submitted:

*/s/ Robert Marc Chemers*
Robert Marc Chemers
Bar No. 0431508
PRETZEL & STOUFFER, CHARTERED
200 South Wacker Drive
Suite 2600
Chicago, Illinois 60606
Telephone: (312) 578-7548
Fax: (312) 346-8242
E-Mail: rchemers@pretzel-stouffer.com